IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 05-0135** |
| | ) | **Electronically Filed** |
| **MICHAEL DELBRIDGE** | ) | |

### MEMORANDUM OPINION

**March 6, 2007**

Before the Court is defendant Michael Delbridge's motion to sever all counts of a three count Second Superseding Indictment. After careful consideration of the motion, the government's response thereto, and oral argument by able counsel on February 1, 2007, the Court will grant the motion and will sever the indictments.

**The Second Superseding Indictment.**

Count One of the Second Superseding Indictment alleges possession with intent to distribute, and distribution of, five grams or more of cocaine base, in the form known as crack, which is predicated on the alleged possession and/or sale of 24.5 grams of cocaine base to an undercover Pennsylvania state trooper at a gas station in Uniontown Pennsylvania on December 7, 2001.  Count Two of the Second Superseding Indictment alleges possession with intent to distribute, and distribution of, less than five grams of cocaine base, in the form known as crack, which is predicated on the alleged possession and/or delivery of .3 grams of cocaine base more than two years later, on January 24, 2003, in a bar in Connellsville Pennsylvania.  Count Three of the Second Superseding Indictment alleges possession with intent to distribute, and distribution of, five grams or more of cocaine base, in the form known as crack, which is predicated on the alleged possession and/or delivery of 5 grams of cocaine base more than three years later, on

March 26, 2006, which was "plain viewed" and seized by a Uniontown police officer during a pat down search following a lawful traffic stop.

**Motions to Sever and Response.**

In his initial and supplemental motions to sever the offenses for separate trials (docs. no. 62, 75), defendant argues that the offenses are remote in time as they are separated by two and three year intervals, are separated by significant distance (although the Court notes the offenses took place in the same Pennsylvania county), and modality. Defendant also noted at argument that the second offense involves a very small amount of crack cocaine (.3 grams), the possession of which is more consistent with personal use than with intent to deliver, so it is not very probative at all on the first and third intent to deliver offenses charged in Counts One and Three. The government argues that severance should be denied because evidence of each separate offense is relevant to and would be admissible in the trial of the others, for the purpose of showing intent to distribute, lack of accident and knowledge of possession.

**Federal Rules of Criminal Procedure and Federal Rules of Evidence.**

Rule 8(a) of the Federal Rules of Criminal Procedure provides in relevant part: "(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The government does not claim that the three offenses charged in the Second Superseding Indictment are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Rather, the government asserts that the three offenses are "of the same or similar character." The three offenses charged are certainly "of the

same of similar character," and they are properly joined for trial under Rule 8(a), although this category is certainly the least compelling of the three categories for joinder of offenses.

The more difficult question is whether this Court should grant relief from prejudicial joinder.  Rule 14 of the Federal Rules of Criminal Procedure, "Relief from Prejudicial Joinder," provides in relevant part: "(a) Relief. If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."  According to Rule 14(a), if properly joined offenses in an indictment would prejudice a defendant if tried together, the Court may order separate trials of counts. Whether joinder of offenses is unfairly prejudicial is a matter committed to the discretion of the trial court, *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir.), *cert. denied sub nom. Idone v. United States*, 502 U.S. 925 (1991), and a motion for severance under Rule 14 rests in the sound discretion of the district judge. *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) (noting that a defendant must demonstrate "clear and substantial prejudice" that would result in a "manifestly unfair trial" to establish the need for severance).

Among the kinds of prejudice that may obtain from joinder of offenses are: the jury may cumulate evidence of the separate crimes;  the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; and the defendant may become "embarrassed or confounded" in presenting different defenses to the different charges. *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C.Cir. 1968), *cert. denied*, 394 U.S. 909 (1969).   In cases where "evidence of each of the joined offenses would be admissible in a separate trial for the other," courts have said that concerns about cumulation of evidence and inference of a criminal disposition are "largely absent." *Id.*; *United States v. Dileo*, 859 F.Supp. 940, 944 (W.D.Pa. 1994).  The danger

that the jury might confuse the two sets of counts or convict based on propensity can be lessened if not cured by a proper limiting instruction that the jury must give separate consideration to each separate charge. *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (recognizing that limiting instructions often suffice to cure any risk of prejudice).

Whether such evidence would be admissible in separate trials is a product of Rule 403 and 404(b) of the Federal Rules of Evidence. *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). "The trial court must consider two issues when deciding whether to admit prior convictions: first, whether the conviction is logically relevant under Rules 404(b) and 402 to any issue other than the defendant's propensity to commit the crime; second, if relevant, whether under Rule 403 the probative value of the evidence outweighs its prejudicial effect." *Id*.

Federal Rule of Evidence 404(b) provides, in relevant part that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity . . . [but] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed.R.Evid. 404(b). There is a four-part test for the admission of prior bad act evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its prejudicial effect; and (4) the trial court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." *Sampson*, 980 F.2d at 886 (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). To "show a proper evidentiary purpose, the government must 'clearly articulate how that evidence fits into a chain of logical inferences without adverting to a mere propensity to commit crime now based on the commission of a crime then.'" *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) (*quoting*

*United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir. 1999)).

"Hence, where the evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded," but if the evidence also tends to prove some other relevant fact besides character, its admissibility "depends upon whether its probative value outweighs its prejudicial effect." *Sampson*, 980 F.2d at 887.  "[G]iven a proper purpose and reasoning, drug convictions are admissible in a trial where the defendant is charged with a drug offense." *Id.* at 887 (numerous cases collected);  *United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003) (noting that the Court of Appeals' prior decisions "uphold[ ] the admission of prior drug involvement for the purpose of rebutting defense claims of innocent association, and to prove criminal intent.")

The United States Court of Appeals for the Third Circuit has recognized that "Rule 404(b) is a rule of inclusion rather than exclusion." *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).  While "knowledge, intent, and lack of mistake or accident are well-established non-propensity purposes for admitting evidence of prior crimes or acts, " *id*. at 461, "a proponent's incantation of the proper uses of such evidence under the rule does not magically transform inadmissible evidence into admissible evidence." *United States v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999). Thus, although "the burden on the government is not onerous," *Sampson*, 980 F.2d at 888, "the proponent [of Rule 404(b) evidence] must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994); *Sampson*, 980 F.2d at 887.  As the Court of Appeals has cautioned, the government's motives may be mixed, knowing that evidence admitted for a proper purpose

may nevertheless have the tendency to paint the defendant as having the propensity to commit the offense, even with a limiting instruction. *Id*. at 886 ("Although the government will hardly admit it, the reasons proffered to admit prior bad act evidence may often be potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character.").

Furthermore, where legitimate purposes do exist, "protections against improper admission nevertheless remain in Rule 104 relevancy standards and in Rule 403's requirement that probative value yet be balanced against the risk of 'unfair prejudice.'" *United States v. Daraio*, 445 F.3d 253, 263 (3d Cir. 2006) (quoting *United States v. Martin*, 773 F.2d 579, 582 (4th Cir. 1985). Rule 403 provides that "relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403. "In making this determination, the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988). The balancing of probative value and unfair prejudice "lies within the broad discretion of the trial court." *Sampson*, 980 F.2d at 889.

**Application.**

Applying the foregoing to the instant case, the Court finds that evidence of the first offense would be relevant in the trial of the third offense, and vice versa, to prove that defendant possessed the crack cocaine with the intent to distribute, lack of accident and knowledge of its possession. However, possession of .3 grams of crack cocaine at a bar two years after the first event and three years before the last is minimally relevant to the other offenses, at best. Evidence

of the offenses charged in Counts One and Three are probative of an element of each offense which is the government's burden to prove, namely that defendant knowingly and intentionally possessed the crack cocaine with intent to distribute it.

The Court also finds, however, that the unfair prejudice to defendant from admitting evidence of any of the offenses in the trial of any of the others is significant and, on balance, substantially outweighs the probative value, subject to the following caveat. The probative value of the other crimes evidence is not all that great, unless defendant would decide to testify and deny knowledge of possession, intent to deliver or claim that possession of crack cocaine was a mistake or accident, or introduced other evidence to support such claims. If he were to do that, the probative value would increase and would outweigh the prejudice to defendant.

The Court holds, therefore, that the danger of unfair prejudice to defendant substantially outweighs the probative value to the government of offering evidence of each in the trial of the others, and will grant defendant's motion to sever all three. This is without prejudice to the government using such evidence in the separate trials of Counts One and Three should defendant open the door in those trials by denying knowledge accident, mistake or that he had any intent to deliver. An appropriate order will be entered.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:   All counsel of record as listed below

Charles A. Eberle, Esquire
Thomas Livingston, Esquire