IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.       ) | **Criminal No. 05-0135** |
| ) | **Electronically Filed** |
| **MICHAEL DELBRIDGE**   ) | |

**MEMORANDUM AND ORDER**

**April 24, 2007**

      Before the Court is defendant Michael Delbridge's Motion to Suppress (doc. no. 99) evidence relating to Count One of the Second Superseding Indictment charging him with possession with intent to distribute, and distribution of, five grams or more of cocaine base, in the form known as crack, which is predicated on the alleged possession and/or sale of 24.5 grams of cocaine base to an undercover Pennsylvania state trooper at a gas station in Uniontown Pennsylvania on December 7, 2001, and evidence relating to Count Three of the Second Superseding Indictment, charging him with possession with intent to distribute, and distribution of, five grams or more of cocaine base, in the form known as crack, which is predicated on the alleged possession and/or delivery of 5 grams of cocaine base more than three years later, on March 26, 2006, which was "plain viewed" and seized by a Uniontown police officer during a pat down search following a lawful traffic stop.

      This Court previously severed the three counts of the Second Superseding Indictment by Memorandum Opinion and Order of March 6, 2007 (docs. no. 87, 88), and permitted the government to chose the order of trial. The government has chosen to proceed first on Count One of the Second Superseding Indictment, and trial is scheduled on Count One for May 7, 2007.

      The government also filed, on April 23, 2007, an unopposed motion to continue the

suppression hearing as to the evidence relating to Count Three due to the unavailability of certain witnesses, and the Court will grant that unopposed motion by separate order of Court and reschedule the suppression hearing for some point after the trial of Count One and closer to the trial on the remaining counts, after consultation with counsel.  Accordingly, this Memorandum and Order deals only with that portion of defendant's motion to suppress relating to the evidence at Count One of the Second Superseding Indictment.

As to the motion to suppress the evidence relating to Count One, defendant asserts that the intercepted telephone conversation of December 7, 2001, between Pennsylvania State Trooper Michael Warfield and an individual alleged to be defendant was obtained in violation of his fourth Amendment rights and his rights under the Pennsylvania constitution, because it was illegal in several ways under sections 5704, 5714, 5742 of Pennsylvania's Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §§ 5704, 5714, 5742, and certain provisions of Pennsylvania's Administrative Code implementing the Act.

After careful consideration of defendant's motion to suppress the intercepted telephone conversation electronic and the government's response thereto, the Court agrees with the government that, even assuming there were any violations of the Pennsylvania statute or Code regarding wiretaps and electronic surveillance, there are no grounds for suppression of the recorded telephone conversation in this federal prosecution, wherein one of the participants (the trooper) consented to be recorded.  *United States v. Williams*, 124 F.3d 411, 428 (3d Cir. 1997), *cert. denied* 118 S.Ct. 698 (1998) ("federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state, law. . . . [A]ssuming for the sake of argument that evidence was disclosed in violation of state law, we hold that the district court

did not err in refusing to suppress that evidence."). There is no need for an evidentiary hearing at this time.

Accordingly, IT IS HEREBY ORDERED that defendant's Motion to Suppress (doc. no. 99) is DENIED as to evidence pertaining to Count One. With respect to the evidence pertaining to Count Three, the hearing on said motion will be continued by separate order, and will be rescheduled by subsequent Order of Court.

The previously scheduled preliminary pretrial conference (as to Count One) with the law clerk shall take place as scheduled on **April 26, 2007, at 10:00 am.**

**SO ORDERED**, this 24th day of April, 2007

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record as listed below