IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-0135 |
| | ) | ELECTRONICALLY FILED |
| MICHAEL DELBRIDGE | ) | |

## ORDER OF COURT

Before the Court are two related motions: (doc. no. 133) -- defendant Michael Delbridge's *pro se* Motion to Appointment of New Counsel, Motion to Disqualify Counsel; (doc. no. 134) -- Motion to Withdraw as Attorney by current counsel, Patrick K. Nightingale.

**Background**

This Court is much more familiar with this defendant than with most Defendants at this stage of the proceedings, having issued several rulings on pretrial motions, having reviewed a partial presentence investigation report, and having seen and observed defendant close hand at three hearings in June related to his earlier *pro se* "Motion to Appoint Counsel, Motion to Disqualify Counsel" (doc. no. 122), which motion defendant withdrew on June 8, 2007, after an extensive colloquy in open court. That motion had been filed on the literal eve of trial, and it was withdrawn after, *inter alia*, this Court explained to defendant that he was not entitled to appointed counsel of his choosing; that Mr. Nightingale was a well respected and experienced attorney who was doing an excellent job for defendant as far as the Court had observed; that defendant would have to represent himself *pro se* if he insisted on "firing" his attorney, and the Court would deem this a voluntary and intelligent choice on his part; that the Court

considered *pro se* representation to be a serious mistake.

The June 8th hearing ended with defendant choosing to withdraw his motion to disqualify and continue with current counsel, and also to "withdraw" a *pro se* but not yet filed motion to suppress, and with the Court notifying the parties that defendant's trial would commence the following Tuesday, June 12, 2007, unless defendant decided to enter a guilty plea that Monday.

The Court was subsequently advised that in fact, defendant would enter a guilty plea, and a change of plea hearing was scheduled for June 11, 2007. At that hearing, defendant changed his mind again, and trial was therefore scheduled to commence on Wednesday, June 13, 2007. Defendant also filed a *pro se* "Motion to Suppress Amended Motion in response to Ineffective Filings by Counsel" (doc. no. 126) which the Court denied on the grounds that the Court does not consider *pro se* motions while the defendant is represented by counsel.

Finally, the Court was notified that defendant changed his mind again, and intended to enter a guilty plea.  On June 13, 2007, a signed plea agreement was presented to the Court, and an even more extensive colloquy than usual took place in open court wherein Mr. Delbridge pleaded guilty to Count III of the three count second superseding indictment charging that on or about March 26, 2006, in the Western District of Pennsylvania, he knowingly, intentionally and unlawfully possessed with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a schedule II controlled substance, in violation of title 21 U.S.C. sections 841(a)(1) and 841(b)(1)(B)(iii).  Importantly, Mr. Delbridge admitted his guilt and agreed with the

government's recitation of the conduct underlying that charge.

Moreover, after three hearings, the Court was [and is] quite satisfied that Mr. Delbridge understood everything that was being explained to him, the nature of the proceedings and the consequences of changing his plea.  In fact, those consequences were quite favorable to defendant as the government agreed to withdraw its Information Charging Prior Offense Pursuant to title 21, United States Code section 851, (doc. no. 132),[1] which resulted in a *drastic reduction* in the range of sentence he otherwise faced under the advisory guideline sentence scheme.

### (doc. no. 134) -- Motion to Withdraw as Attorney by Current Counsel

Mr. Nigthingale sets forth in his motion that he and his client have reached the point of irreconcilable conflict, rendering him unable to continue to represent defendant in good faith and professionally.[2]  Defendant's *pro se* motion confirms that conflict and that he unequivocally does not want current counsel to continue to represent him.  As someone wise once said, you can lead a horse to water but you can't make him drink.

In light of the procedural history of this case as highlighted above and the Court's familiarity with defendant and his relationship with his attorney, the Court thanks Mr. Nightingale for his service, and will grant his motion to withdraw.

### (doc. no. 133)  -- *Pro Se* "Motion to Appointment of New Counsel, Motion to Disqualify Counsel"

---

[1] This withdrawal of a section 851 information may be unprecedented in this district. At a minimum, it is extraordinary.

[2] Previous counsel, also a well respected and highly competent attorney with whom this Court is very familiar, filed an "irreconcilable differences" motion to withdraw, which this Court granted on March 7, 2007.

This *pro se* motion is moot, to the extent defendant requests the Court to disqualify current counsel. In all other respects, the motion will be denied.

As the Court explained to Mr. Delbridge, clearly and at great length, while he is entitled to have counsel appointed to represent him at no charge if he cannot afford private counsel, he is not entitled to appointed counsel of his choosing and he is not entitled to go through appointed counsel on-by-one until he finds one to his liking. On the contrary, he is entitled by the Sixth Amendment to the United States Constitution to effective, competent counsel to represent him throughout these proceedings, and the Court appointed such counsel. As the Court also explained to defendant, if he insisted on "firing" Court appointed counsel, he would not be appointed different counsel nor would it delay his trial or guilty plea.

Despite this Court's most emphatic warnings and against judicial advice, the Court finds that defendant has chosen to represent himself for the remainder of these proceedings, and that his choice was knowing, voluntary and intelligent.

**Motion to withdraw guilty plea**

Although he has not filed a motion to withdraw, defendant indicates that he is "withdrawing his guilty plea," so that he may pursue a motion to suppress. Attachment to *pro se* Motion to Appointment of New Counsel, Motion to Disqualify Counsel (doc. no. 133). It is not so simple to withdraw a guilty plea rendered in a somber and sober courtroom, after full and complete colloquy to ascertain the defendant's understanding and ability to comprehend the proceedings, especially after he admits his guilt and the conduct leading to the charges, under oath, as Mr. Delbridge has done in this case.

The United States Court of Appeals for the Third Circuit summarized the

standards for permitting withdrawal of a guilty plea in the Third Circuit, as follows:

> "If a motion for withdrawal of a plea of guilty or nolo contendere is made before a sentence is imposed . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." *United States v. Martinez*, 785 F.2d 111, 114 (3d Cir. 1986). This court has held that withdrawal of a guilty plea is not an absolute right. See, e.g., *United States v. Brown,* 250 F.3d 811 (3d Cir. 2001); *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1986). We must look primarily to three factors in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States. v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). We review a district court's decision to deny a motion for withdrawal of a guilty plea for abuse of discretion. *Brown*, 250 F.3d at 815.

*United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).  See also Fed.R.Crim.P. 11(d).

Currently, defendant's sentencing hearing is scheduled for September 28, 2007. If defendant wises to withdraw his guilty plea before then, he must file a formal motion to do so, and the Court will direct the government to respond.   Defendant faces a daunting burden to convince this Court that it would not be fair and just to continue to sentencing based on his guilty plea under the strict standards imposed by the United States Court of Appeals for the Third Circuit and the rules of criminal procedure, but he certainly has the right to make such an attempt, and the Court will make a quick but considered ruling on said motion, most likely based on the record before the Court to date unless defendant makes a *prima facie* showing why this court should conduct an evidentiary hearing or argument.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Michael Delbridge's *pro se* "Motion to Appointment of New Counsel, Motion to Disqualify Counsel" (doc. no. 133) is **DENIED IN PART** as moot, and otherwise is **DENIED** on its merits.

**IT IS FURTHER ORDERED** that Attorney Nightingale's Motion to Withdraw as Attorney (doc. no. 134) is **GRANTED**.

**SO ORDERED** this 30th day of July, 2007.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record