IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**        )
                                    )
      **v.**                        )        **Criminal No. 05-0135**
                                    )        **ELECTRONICALLY FILED**
**MICHAEL DELBRIDGE**               )

<u>**MEMORANDUM AND ORDER DENYING**</u>
<u>**MOTION TO WITHDRAW GUILTY PLEA AND**</u>
<u>**GRANTING MOTION TO APPOINT NEW COUNSEL**</u>
<u>**FOR SENTENCING**</u>

**September 25, 2007**

On June 13, 2007, on the third day of protracted guilty plea proceedings,

defendant Michael Delbridge entered a plea of guilty based upon a written plea

agreement, after a full and extensive colloquy before the Court. Defendant now wants

to withdraw his plea, again.

Currently before the Court is defendant Michael Delbridge's *pro se* "Motion to

Withdraw My Plea and Motion for Appoint [sic] New Counsel" (doc. no. 139).  On July

30, 2007, the Court issued an order ruling on two related motions: (doc. no. 133)  --

defendant Michael Delbridge's *pro se* Motion to Appointment of New Counsel, Motion to

Disqualify Counsel; (doc. no. 134) -- Motion to Withdraw as Attorney by his counsel at

that time, Patrick K. Nightingale.  In pertinent part, the Order of July 30, 2007, stated as

follows:

> **Background**
>
> This Court is much more familiar with this defendant than with
> most Defendants at this stage of the proceedings, having issued
> several rulings on pretrial motions, having reviewed a partial
> presentence investigation report, and having seen and observed
> defendant close hand at three hearings in June related to his earlier *pro
> se* "Motion to Appoint Counsel, Motion to Disqualify Counsel" (doc. no.

122), which motion defendant withdrew on June 8, 2007, after an extensive colloquy in open court.  That motion had been filed on the literal eve of trial, and it was withdrawn after, *inter alia*, this Court explained to defendant that he was not entitled to appointed counsel of his choosing; that Mr. Nightingale was a well respected and experienced attorney who was doing an excellent job for defendant as far as the Court had observed;  that defendant would have to represent himself *pro se* if he insisted on "firing" his attorney, and the Court would deem this a voluntary and intelligent choice on his part; that the Court considered *pro se* representation to be a serious mistake.

The June 8th hearing ended with defendant choosing to withdraw his motion to disqualify and continue with current counsel, and also to "withdraw" a *pro se* but not yet filed motion to suppress, and with the Court notifying the parties that defendant's trial would  commence the following Tuesday, June12, 2007, unless defendant decided to enter a guilty plea that Monday.

The Court was subsequently advised that in fact, defendant would enter a guilty plea, and a change of plea hearing was scheduled for June 11, 2007. At that hearing, defendant changed his mind again, and trial was therefore scheduled to commence on Wednesday, June 13, 2007. Defendant also filed a *pro se* "Motion to Suppress Amended Motion in response to Ineffective Filings by Counsel" (doc. no. 126) which the Court denied on the grounds that the Court does not consider *pro se* motions while the defendant is represented by counsel.

Finally, the Court was notified that defendant changed his mind again, and intended to enter a guilty plea.  On June 13, 2007, a signed plea agreement was presented to the Court, and an even more extensive colloquy than usual took place in open court wherein Mr. Delbridge pleaded guilty to Count III of the three count second superseding indictment charging that on or about March 26, 2006, in the Western District of Pennsylvania, he knowingly, intentionally and unlawfully possessed with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a schedule II controlled substance, in violation of title 21 U.S.C. sections 841(a)(1) and 841(b)(1)(B)(iii).  Importantly, Mr. Delbridge admitted his guilt and agreed with the government's recitation of the conduct underlying that charge.

Moreover, after three hearings, the Court was [and is] quite satisfied that Mr. Delbridge understood everything that was being explained to him, the nature of the proceedings and the consequences

of changing his plea.  In fact, those consequences were quite favorable to defendant as the government agreed to withdraw its Information Charging Prior Offense Pursuant to title 21, United States Code section 851, (doc. no. 132), [FN. 1] which resulted in a *drastic reduction* in the range of sentence he otherwise faced under the advisory guideline sentence scheme.

> [FN. 1]  This withdrawal of a section 851 information may be unprecedented in this district. At a minimum, it is extraordinary.

**(doc. no. 134) -- Motion to Withdraw as Attorney by Current Counsel**

Mr. Nigthingale sets forth in his motion that he and his client have reached the point of irreconcilable conflict, rendering him unable to continue to represent defendant in good faith and professionally. [FN. 2]  Defendant's *pro se* motion confirms that conflict and that he unequivocally does not want current counsel to continue to represent him.  As someone wise once said, you can lead a horse to water but you can't make him drink.

> [FN. 2]   Previous counsel, also a well respected and highly competent attorney with whom this Court is very familiar, filed an "irreconcilable differences" motion to withdraw, which this Court granted on March 7, 2007.

In light of the procedural history of this case as highlighted above and the Court's familiarity with defendant and his relationship with his attorney, the Court thanks Mr. Nightingale for his service, and will grant his motion to withdraw.

**(doc. no. 133)  -- *Pro Se* "Motion to Appointment of New Counsel, Motion to Disqualify Counsel"**

This *pro se* motion is moot, to the extent defendant requests the Court to disqualify current counsel.  In all other respects, the motion will be denied.

As the Court explained to Mr. Delbridge, clearly and at great length, while he is entitled to have counsel appointed to represent him at no charge if he cannot afford private counsel, he is not entitled to appointed counsel of his choosing and he is not entitled to go through appointed counsel on-by-one until he finds one to his liking.  On the contrary, he is entitled by the Sixth Amendment to the United States Constitution to effective, competent counsel to represent him

throughout these proceedings, and the Court appointed such counsel. As the Court also explained to defendant, if he insisted on "firing" Court appointed counsel, he would not be appointed different counsel nor would it delay his trial or guilty plea.

Despite this Court's most emphatic warnings and against judicial advice, the Court finds that defendant has chosen to represent himself for the remainder of these proceedings, and that his choice was knowing, voluntary and intelligent.

### Motion to withdraw guilty plea

Although he has not filed a motion to withdraw, defendant indicates that he is "withdrawing his guilty plea," so that he may pursue a motion to suppress.  Attachment to *pro se* Motion to Appointment of New Counsel, Motion to Disqualify Counsel (doc. no. 133).  It is not so simple to withdraw a guilty plea rendered in a somber and sober courtroom, after full and complete colloquy to ascertain the defendant's understanding and ability to comprehend the proceedings, especially after he admits his guilt and the conduct leading to the charges, under oath, as Mr. Delbridge has done in this case.

The United States Court of Appeals for the Third Circuit summarized the standards for permitting withdrawal of a guilty plea in the Third Circuit, as follows:

> "If a motion for withdrawal of a plea of guilty or nolo contendere is made before a sentence is imposed . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." *United States v. Martinez*, 785 F.2d 111, 114 (3d Cir. 1986).  This court has held that withdrawal of a guilty plea is not an absolute right. See, e.g., *United States v. Brown,* 250 F.3d 811 (3d Cir. 2001); *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1986).  We must look primarily to three factors in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States. v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). We review a district court's decision to deny a motion for withdrawal of a guilty plea for abuse of discretion. *Brown*, 250 F.3d at 815.

*United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).  See also Fed.R.Crim.P. 11(d).

4

Currently, defendant's sentencing hearing is scheduled for September 28, 2007.  If defendant wises to withdraw his guilty plea before then, he must file a formal motion to do so, and the Court will direct the government to respond.   Defendant faces a daunting burden to convince this Court that it would not be fair and just to continue to sentencing based on his guilty plea under the strict standards imposed by the United States Court of Appeals for the Third Circuit and the rules of criminal procedure, but he certainly has the right to make such an attempt, and the Court will make a quick but considered ruling on said motion, most likely based on the record before the Court to date unless defendant makes a *prima facie* showing why this court should conduct an evidentiary hearing or argument.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Michael Delbridge's *pro se* "Motion to Appointment of New Counsel, Motion to Disqualify Counsel" (doc. no. 133) is **DENIED IN PART** as moot, and otherwise is **DENIED** on its merits.

**IT IS FURTHER ORDERED** that Attorney Nightingale's Motion to Withdraw as Attorney (doc. no. 134) is **GRANTED**.

Order of Court dated July 30, 2007 (doc. no. 138), at 1-6.

On August 28, 2007, defendant filed his *pro se* "Motion to Withdraw My Plea and Motion for Appoint [sic] New Counsel" (doc. no. 139).  On August 29, 2007, the Court entered the following Order:

Before the Court is defendant Michael Delbridge's *pro se* "Motion to Withdraw My Plea and Motion for Appoint [sic] New Counsel (doc. no. 139).

To the extent Mr. Delbridge is requesting the Court to appoint new counsel, that motion is denied for the reasons set forth in this Court's Order of July 30, 2007 (doc. no. 138) denying in part his previous *pro se* "Motion to Appoint Counsel, Motion to Disqualify Counsel" (doc. no. 122). [FN. 1 omitted]

Regarding his motion to withdraw his guilty plea entered on June 13, 2007, . . . [t]he Court . . . will order the government to file a response to defendant's motion to withdraw (doc. no. 139).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Michael Delbridge's *pro se* ("Motion to Withdraw My Plea and Motion for Appoint [sic] New Counsel (doc. no. 139) is **DENIED IN PART** to the extent defendant seeks appointment of new counsel.

**IT IS FURTHER ORDERED** that on or before **September 14, 2007**, the government shall file its response to defendant's motion to withdraw his guilty plea.

Order of Court Dated August 29, 2007 (doc. no. 140), at 1-3.

The government filed its response (doc. no. 144) on September 15, 2007.  The government's response accurately and painstakingly walks through the procedural history of this case, much of which has been set forth above, and set forth the governing legal standards for  withdrawal of a guilty plea before sentencing. The response also quotes pertinent portions of the colloquy on defendant's change of plea. After careful review of the record in this case, defendant's motion to withdraw and the government's response thereto, the Court will deny defendant's motion under the governing legal principles.  It is not a close question.

In *United States v. Hyde*, 420 U.S. 670 (1997), the United States Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit which held that if a district court defers acceptance of a plea or of a plea agreement, a defendant may withdraw his plea for any or no reason, until the court accepts both the plea and the agreement. The Court explained that the Court of Appeals holding directly contradicted the language of Rules 11 and 32 of the Federal Rules of Criminal Procedure in significant ways, and further explained:

Not only is the Court of Appeals' holding contradicted by the very language of the Rules, it also debases the judicial proceeding at which

a defendant pleads and the court accepts his plea. After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark. The Advisory Committee, in adding the "fair and just reason" standard to Rule 32(e) in 1983, explained why this cannot be so:

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment." ' " Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, 18 U.S.C.App., p. 794 [additional citations omitted]

We think the Court of Appeals' holding would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess.

*Hyde*, 420 U.S. at 676-677.

Our Court of Appeals has provided guidance to district courts reviewing a motion to withdraw a guilty plea for "fair and just reason."  Three factors must be considered by the district court: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reasons to withdraw the plea." *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), citing *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989).  The burden of demonstrating a "fair and just" reason falls on the defendant, and that burden is substantial.  *Hyde*, 520 U.S. at 676-77; *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998). "A shift in defense tactics, a change of mind, or the fear of punishment are

not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citations omitted).

With respect to the first factor, bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Brown*, 250 F.3d at 818, quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998). Once a defendant has pleaded guilty, he "must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *Jones*, 979 F.2d at 318.

Defendant cannot met this initial burden. Defendant admitted, under oath, voluntarily, and with full understanding of the charges and evidence against him and of the consequences of pleading guilty, that he committed the conduct as described on the record by the AUSA (i.e., having packages of crack cocaine in his coat pockets on March 26, 2006) and that he was guilty of the offense to which he was entering a plea of guilty, based on that conduct.  While defendant now generally professes his innocence, he does not specify any facts that might convince this Court of that possibility; instead, he merely proffers that he has a viable motion to suppress evidence, the controlled substances found in his possession, which his counsel should have filed.  Aside from the fact that his proposed motion to suppress would have little chance of success, even a motion to suppress with arguable merit is not equivalent to an assertion of innocence.

8

Because defendant fails to meet the "innocence" threshold, the Court will deny his motion to withdraw and need not consider the remaining two factors in detail. However, the prejudice to the government is obvious, as correctly summarized in its brief in opposition to withdrawal, especially to the extent that the government withdrew its section 851 notice (doc. no. 132).  If the defendant were ever successful in being allowed to withdraw the plea, the government would, of course, be entitled to re-file the section 851 notice which it withdrew pursuant to the plea agreement. Moreover, defendant's reasons for withdrawing his plea are, to say the least, weak.

For all of the foregoing reasons, the Court will deny defendant's motion to withdraw his guilty plea.

As for his motion for appointment of counsel, this Court previously held that he waived his right to counsel by his conduct.  Nevertheless, out of an abundance of caution, the Court will grant his current motion to appoint new counsel to represent defendant in part, for the purposes of sentencing only, and will reschedule the sentencing hearing to allow new counsel to prepare for the sentencing and to file objections to the PSR as he or she deems appropriate.  Because defendant will be counseled, the Court will overrule defendant's *pro se* Objections and Adjustments to the PSR (doc. no. 143), but new counsel will consider the *pro se* objections and *may*, in the exercise of his or her professional judgment, incorporate some of defendant's concerns if any have arguable merit.

AND NOW, this 26th day of September, 2007, IT IS HEREBY ORDERED as follows:

1.      Defendant's motion to withdraw his guilty plea (doc. no. 139) is DENIED.

2.      Defendant's motion for appointment of new counsel is GRANTED in part, for the purposes of representing defendant through sentencing only.  Counsel has no authority to file any suppression or other substantive pretrial motions.

3.      The Sentencing Hearing scheduled for September 28, 2007, is HEREBY CANCELLED, and will be rescheduled by separate order of Court.

4.      Defendant's *pro se* Objections and Adjustments (doc. no. 143) are DENIED as new counsel will be appointed who will have an opportunity to file objections to the PSR in due course, in accordance with the local rules and this Court's standard practices and procedures.

                              **SO ORDERED** this 26th day of September, 2007.


                              s/Arthur J. Schwab
                              Arthur J. Schwab
                              United States District Judge


cc:

all ECF registered counsel

Michael Delbridge, *pro se*
127280
Allegheny County Jail
920 Second Avenue
Pittsburgh Pennsylvania 15219