IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 05-0135 |
| | ) | Civil Action No. 10-1575 |
| | ) | ELECTRONICALLY FILED |
| MICHAEL DELBRIDGE | ) | |

## MEMORANDUM OPINION

Michael Delbridge has filed a pro se Motion to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. no. 200, at Criminal No. 05-0135). His conviction and judgment of sentence were summarily affirmed by the United States Court of Appeals for the Third Circuit on March 17, 2010, on the government's Motion to Enforce Appellate Waiver and for Summary Affirmance by that Court. Mr. Delbridge's Motion to Vacate pursuant to section 2255 will also be summarily decided, and denied, because he knowingly, voluntarily and with full understanding of the consequences waived his right to file any collateral challenge to his conviction or judgment of sentence, and he fails to even allege, must less point to facts or circumstances in support, that enforcement of the waiver in his case would work a miscarriage of justice.

A defendant's waiver of his right to appeal his sentence pursuant to a plea agreement will be upheld, as long as he does so knowingly and voluntarily and he understands the ramifications of such a waiver. *United States v. Khattak*, 273 F.3d 557, 558, 563 (3d Cir. 2001) (as a matter of first impression, waivers of right to appeal are enforceable if entered into knowingly and voluntarily, unless they work a miscarriage of justice, and waiver of appeal rights contained in plea agreement was knowing and voluntary); *United States v. Gwinnett*, 483 F.3d 200, 205 (3d Cir. 2007) (Court of Appeals will not review merits of sentencing appeal because defendant

knowingly and voluntarily waived her right to appeal).

The United States Court of Appeals for the Third Circuit took the logical and inevitable next step by extending the reasoning and holding of the *Khattak* case to enforce a waiver of the right to file a motion to vacate pursuant to section 2255 or to otherwise collaterally challenge a sentence in *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008).

The *Mabry* case held that a defendant's waiver of his right to collateral attack his sentence was knowing and voluntary and, therefore, could and did bar claims of ineffective assistance of counsel arising from counsel's alleged failure to file a notice of appeal as the defendant therein claimed to have requested, and that enforcing the waiver in Mr. Mabry's case would not work a miscarriage of justice. When a defendant has waived his right to assert any collateral challenges, the district court's task is (1) to determine whether the waiver was valid and binding, specifically, whether it was knowing and voluntary, based on what actually occurred and what defendant contends should have occurred, and (2) whether enforcement of the waiver would work a miscarriage of justice. *Id.*, 536 F.3d at 244.

In determining whether the enforcement of a waiver will result in such a grave injustice, a court should consider the clarity of the error, its gravity, its character, the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which the defendant acquiesced in the result. *Id*. A court should consider the listed factors and take a "common sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced." *Id*. (quoting *Khattak*, 273 F.3d at 563).

This Court has previously recounted the substantive and procedural facts and circumstances leading to Mr. Delbridge's plea agreement and guilty plea, and incorporates herein

by reference the September 26, 2007 Memorandum and Order Denying Motion To Withdraw Guilty Plea And Granting Motion To Appoint New Counsel For Sentencing (doc. no. 149), and the January 31, 2008 Tentative Findings and Rulings (doc. no. 180). After careful consideration of those decisions and the entire record in this case, there is no question whatsoever that petitioner's waiver of his right to collaterally attack his sentence by a motion to vacate pursuant to section 2255 or other procedural mechanism was knowing and voluntary, was the product of his own free will and deliberate choice, and that he understood the legal consequences of his waiver.

After careful review of his Motion to Vacate, the Court finds no injustice, let alone *manifest* injustice, in holding him to that waiver. The perceived meritorious issues that Mr. Delbridge now asserts his various attorneys were ineffective in failing to pursue were all previously considered *and abandoned* by Delbridge (e.g., his right to pursue a suppression motion), and were among the issues he knowingly, voluntarily and intelligently waived at his change of plea hearing. Moreover, in return for giving up his right to raise these and other issues, the government agreed to and did withdraw its Information Charging Prior Offense Pursuant to Title 21 United States Code section 851 (doc. no. 96) which, had he been convicted or plead guilty without the government withdrawing the Information, would have triggered a ten year mandatory minimum sentence to a maximum sentence of life imprisonment.

Petitioner has failed to make sufficient allegations in his Motion to Vacate that, if proven, would overcome the presumption of veracity accorded to his Rule 11 colloquy statements that his waiver of collateral attack was knowing and voluntary. Nor has the Petitioner shown that a manifest injustice will result from enforcing the waiver. There is no fundamental fairness in

refusing to address Petitioner's ineffective assistance claims on their merits.

For the foregoing reasons, Mr. Delbridge's Motion to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. no. 200, at Criminal No. 05-0135) will be denied. An appropriate Order will follow.

**SO ORDERED** this 3rd day of December, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: Michael Delbridge, Pro Se

All counsel of ECF record