IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 05-0135 |
| | ) | ELECTRONICALLY FILED |
| **MICHAEL DELBRIDGE** | ) | |

## MEMORANDUM AND ORDER DENYING CERTIFICATE OF APPEALABILITY

This Court denied Mr. Delbridge's Motion to Vacate pursuant to 28 U.S.C. § 2255 (doc. no. 200, at Criminal No. 05-0135) on December 3, 2010, because he knowingly, voluntarily and with full understanding of the consequences waived his right to file any collateral challenge to his conviction or judgment of sentence. Thus, Petitioner failed to make sufficient allegations in his Motion to Vacate that, if proven, would overcome the presumption of veracity accorded to his sworn Rule 11 colloquy statements that his waiver of collateral attack was knowing and voluntary. Nor did Petitioner show that any manifest injustice would result from enforcing his clear and unambiguous waiver, and there is no fundamental unfairness in refusing to address Petitioner's ineffective assistance claims on their merits.

Section 102 of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253 (as amended), codified the standards governing the issuance of a certificate of appealability. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional

claim, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . ." *Szuchon v. Lehman,* 273 F.3d 299, 312 (3d Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." *McCracken v. Gibson,* 268 F.3d 970, 984 (10th Cir. 2001).

For the reasons set forth in this Court's Memorandum Opinion of December 3, 2010, (doc. no. 202), petitioner cannot demonstrate that reasonable jurists would find this Court's assessment of his Motion to Vacate as waived to be debatable or that his Motion to Vacate deserves further proceedings. Accordingly, AND NOW, this 4th day of February, 2011, the Court HEREBY DECLINES to issue a Certificate of Appealability.

                                        SO ORDERED,

                                        \s Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Court Judge

cc:     All counsel and parties listed on ECF